(52 Misc. Rep. 490)

## STATE BOARD OF PHARMACY v. GASAU.

(Supreme Court, Appellate Term.  February 4, 1907.)

FOOD—PURITY—VIOLATIONS OF REGULATIONS—ILLEGAL SALE.

Public Health Law, Laws 1900, p. 1479, c. 667, art. 11, subd. 1, § 197, provides that all pharmaceutical preparations sold in a pharmacy, dispensary, store, or place shall be of the standard strength, quality, and purity established by the latest edition of the United States Pharmacopœia. Subdivision 2, § 197 (page 1480), provides that every proprietor of a wholesale and retail drug store, pharmacy, or other place where drugs, medicines, or chemicals are sold, shall be held responsible for the quality and strength of these commodities, with certain specified exceptions.  Section 199 (page 1481) provides that this article shall not apply to the sale by merchants of cream of tartar, etc., except as herein provided.  *Held*, that the exception in section 199 was merely to except merchants who deal in cream of tartar from the provisions of the article regarding the visitorial duties of the State Board of Pharmacy, and not to except them from the general prohibition against adulteration, which had not yet been enacted; and a grocer who sold cream of tartar containing only 74.7 per cent. of cream of tartar, when the standard of the Pharmacopœia was 99 per cent. pure, was liable for a violation of the public health law.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by the State Board of Pharmacy against Fred Gasau.  From a judgment for plaintiff, defendant appeals.  Affirmed.

Argued before GILDERSLEEVE, BLANCHARD, and DAYTON, JJ.

Charles M. Stafford, for appellant.
Hieronimus A. Herold, for respondent.

BLANCHARD, J.  The plaintiff recovered judgment against the defendant for a violation of article 11 of the public health law (Laws 1900, p. 1471, c. 667).  Subdivision 1 of section 197 of article 11 of this law (Laws 1900, p. 1479, c. 667) provides:

"All pharmaceutical preparations, sold or dispensed in a pharmacy, dispensary, store or place shall be of the standard strength, quality and purity, established by the latest edition of the United States Pharmacopœia."

The defendant, a grocer, sold in the course of trade a certain quantity of cream of tartar, which, instead of being 99 per cent. pure, according to the standard of the Pharmacopœia, contained 74.7 per cent. of cream of tartar and the rest in alum. Subdivision 2 of section 197 above mentioned provides that "every proprietor of a wholesale and retail drug store, pharmacy, or other place where drugs, medicines, or chemicals are sold, shall be held responsible for the quality and strength" of these commodities, with certain specified exceptions. The defendant seeks to escape liability by bringing himself within section 199 of article 11 above mentioned, which provides:

"This article shall not apply * * * to the sale by merchants of ammonia, bicarbonate of soda, borax, camphor, castor oil, cream of tartar, * * * except as herein provided."

At first blush it might seem that the Legislature had enacted a sweeping prohibition, and then created an exception, and finally deprived the exception clause of all virtue by adding the words "except as herein provided." The history of these sections of the law explains their intention. Section 199, above mentioned, was enacted, in substantially its present form as part of article 11, by chapter 661, p. 1552, Laws 1893, and by chapter 297, p. 173, Laws 1897. This article, as it then stood, gave to the State Board of Pharmacy certain visitorial duties, and established the conditions of granting licenses in pharmacy, and then excepted from these provisions certain persons, including merchants who deal in cream of tartar, as set forth in section 199 above mentioned. No prohibition against adulteration was contained in the article. Such a prohibition was subsequently enacted, as part of chapter 667, p. 1479, of the Laws of 1900, and now constitutes section 197 above mentioned. The intention of the Legislature, at the time it enacted the exception contained in section 199, therefore, was obviously merely to except merchants who deal in cream of tartar and certain other persons from the provisions of the article regarding the visitorial duties of the State Board of Pharmacy and the granting of licenses in pharmacy, and not to except them from the general prohibition against adulteration which had not yet been enacted. When this general prohibitory clause was subsequently enacted, it contained no exception which could shelter the defendant; and its unrestricted application was permitted by the express language of section 199, which was at the same time amended by inserting a qualifying clause that it should operate "except as herein provided." Since the defendant has failed to bring himself within section 199, it follows that he has rendered himself liable for violation of the public health law as a "proprietor of a retail * * * place where * * * chemicals are sold," and consequently the judgment must be affirmed.

Judgment affirmed, with costs. All concur.